JUDGE REINHARD

MAGISTRATE JUDGE SCHNEIDE

RECEIVED PC SCAN

7/12/2021

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

DAVID GEVAS,
                    Plaintiff,                    CASE NO. _____ 21CV50272

V.

J.B. PRITZKER, ROB JEFFREYS,
N. CHANDLER, JOHN VARGA,
SONJA NICKLAUS, A. TACK, and
JOHN/JANE DOES,
                    Defendants.

VERIFIED COMPLAINT

I. JURISDICTION & VENUE

1.    This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. 1331 and 1343(a)(3). The Court has supplemental jurisdiction of Plaintiff's state law negligence claim under 28 U.S.C. Section 1367(a). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claim for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Fed.R.Civ.P. 65.

2.    The Northern District of Illinois is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

II. PLAINTIFF

3.    Plaintiff David Gevas, is and was at all times mentioned herein a prisoner of the state of Illinois in the custody of the Illinois Department of Corrections. He is currently confined in Dixon Correctional Center, in Dixon, Illinois.

1.

### III. DEFENDANTS

4.    Defendant J.B. Pritzker Governor of Illinois has, pursuant to the Illinois Constitution, Atricle V, Section 8, "the supreme executive power, and shall be resposible for the faithful executive of the laws." Governor Pritzker has the ultimate authority for ensuring that all executive agencies, including the Illinois Department of Corrections, function in compliance with state and federal law.

5.    Defendant Rob Jeffreys is the Director of the Illinois Department of Corrections ("IDOC"). He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Dixon Correctional Center.

6.    Defendant N. Chandler was the Warden of Dixon Correctional Center. She was leagally responsible for the operation of Dixon and for the welfare of all inmates in that prison.

7.    Defendant John Varga was the Warden of Dixon Correctional Center ("DIXON C.C."). He was legally responsible for the operation of Dixon and for the welfare of all inmates in that prison.

8.    Defendant Sonja Nicklaus was the Warden of Dixon C.C. and the welfare of all inmates in that prison.

9.    Defendant A. Tack is the assistant Warden of Programs at Dixon C.C.

10.    Each Defendant is sued individually and in his/her official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

### IV. VERIFIED FACTS

#### INTRODUCTION

11.    Plaintiff is presently incarcerated at Dixon C.C. and

assigned to Housing Units 26, 31, 35, 42, and the Health Care
Unit Infirmary. For years the Dixon C.C. Housing Units 26, 31,
35, and 42 have been intentionally and recklessly not maintained.
Specifically, roofs are leaking causing mold throughout the Housing
Units. During windy days, Plaintiff can see the shingles on the
roofs flapping in the wind. Showers that are filled with mold
and filth. Shower curtains that are falling apart and, also contain
mold, slim, and filth. Shower vetilation that does not work and
contains mold and filth. According to inmate workers that clean
the showers and common areas. Prison staff refuses to provide
proper cleaning supplies and chemicals that are watered down
to clean the showers. Causing a breeding ground of disease, bacteria,
and viruses in the showers. The wall in front of Plaintiff's
current cell 42-19, leaks water down the wall that puddles in
front of the cell on the floor. Leaving what looks like mold
and a deteriorating wall from water that has been leaking for
years. Housing Unit ventilation that is so dirty that it either
does not work, and/or blows filthy air from extremely filthy
ducts that cause eyes to water, itch and burn. Runny and/or stuffed
up nose. Respiratory problems that make it hard to breath and
cause coughing. Infestations of spiders, ants, mice, birds and
raccoons. Due to doors that are rotted out at the bottom. Areas
that are open to birds and racoons and other animals to enter
into the roofs. Windows to cells that do not work, and/or wont
close all the way leaving cold ait to blow in. Including ants
and spiders. According to inmate Housing Unit workers, they are
not provide proper cleaning supplies. Including watered down
chemicals. Plaintiff is not provided cleaning supplies to properly

3.

clean his cell properly in each Housing Unit. ("Conditions")

12. On or about 7/14/2019, Plaintiff contracted a severe infection in his right leg, diagnosed as cellulitis by medical staff. That caused an open wound and extreme pain for months in Plaintiff's right leg including, mental/emotional injury. Due to Defendants Pritker, Jeffreys, Varga, nicklaus, Tack, and Does' intentional and reckless conditions in Housing Unit 42 that have festered for years.

13. On or about 7/17/2019, Plaintiff was admitted to the Health Care Unit in Dixon C.C. due to his severe infection in order to receive an antibiotic through IV. During which time, Plaintiff discovered that the infirmary room bathroom had feces all over the toilet, floor, walls, and sink, cross contaminating the entire infirmary room.

14. On or about 7/17/2019, after Plaintiff discovered the fecees in the bathroom, he advised two Defendant Jne Doe nurses of the feces problem. both Defendant Jane Doe nurses directed the Plaintiff to clean the feces in the bathroom while he had an infection in his right leg and an open wound, because according to Defendant Jane Doe nurse, the inmate workers were sent back early to their Housing Units. When Plaintiff refused to clean the feces and requested to be returned to his Housing Unit. The SORT team surrounded him while he was being given a IV of antobiotics and told he was refusing hosuing. Furthermore, Defendant Jane Doe nurse intentionally made a false entry into Plaintiff's medical records to cover herself from the truth of the incident.

15. In September 2019, while assigned to Housing Unit 26. Plaintiff contracted another severe infection in his left leg,

4.

diagnosed as cellulitis by medical staff. That caused Plaintiff
fever, chills, problems breathing, hospitalization for six days
in KSB hospital, an open wound and extreme pain in his left leg
for months. Inclduing, a scar that remains on Plaintiff's left
leg from the open wound. And mental/emotional injury. Due to
Defendants Pritzker, Jefferys, Varga, Nicklaus, Tack, and Does'
intentional and reckless conditions in Housing Unit 26 that have
festered for years.

15. In or about May 2020, Plaintiff again contracted a severe
infection in his right leg, diagnosed as cellulitis by medical
staff. That caused open wounds on Plaintiff's right leg and arm,
and extreme pain for months. Including athletes foot and toe
nail fungus that remains, and mental/emotional injury. Due to
Defendants Pritzker, jefferys, Varga, Nicklaus, Tack, and Does'
intentional and reckless conditions in housing Unit 42 that have
festered for years.

16. In June 2020, Plaintiff learned that Michele Geertz,
Dixon legal coordinator knowingly created a false response for
Michael Rocks, assistant Attotney General, stating that there
"are shower place mats in each shower" in housing unit 42. But,
from 2019 to the present and ongoing, no shower place matts have
been found in Housing Unit 42 shwoers.

17. On 6/13/2020, while assigned to Housing Unit 42, cell
19. Plaintiff's toilet became clogged and wouldn't flush by no
fault of his own and/or by his cellmate. Leaving Plaintiff and
his cellmate's urine and feces to accumulate for six days. Causing
Plaintiff and his cellmate to eat their food feet away from a
toilet filled with urine and feces for six days. Including, conducting

daily activities fet away from a toilet filled with urine and
feces. Further causing Plaintiff nausea, insomnia, and mental/emotional
injury. On 6/18/2020, the plumber finally showed up and resolved
the problem. According to the grievance response, the Administration
dictates how long it takes for the plumber to act. Defendants
Pritzker, Jefferys, Nicklaus, and Does' only employ one plumber
for the entire Dixon Correctional Center that has about one thousand
toilets or more. Leaving Plaintiff to suffer without a basic
necessity, toilet for six days.

18.  While assigned to Housing Units 26 and 42, Plaintiff's
cell was infested with ants that would bit him while in his bed
watching TV and while sleeping. In fact, in June 2021 and July
2021, Plaintiff's prsent cell 42-19 had ant infestations where
the exterminator had to sray twice. After the first spraying
in June 2021, the ants came through the window that cannot be
closed properly and has holes and, into Plaintiff's bed bitting
him while he slept, adversely affecting his sleep.

19.  In December 2020, two correctional officers advised
Plaintiff that Defendant Chandler would send back the monies
appropriated to maintain Dixon Correctional Center. In order
to receive a bonus from IDOC for not using the funds. Since then
mutiple staff have advised the same. Directly causing the conditions
that Plaintiff has suffered from as stated herein. KSB medical
staff advised Plaintiff that his cellulitis is caused by the
conditions in the showers.

20.  The Plaintiff has no plain, adequate or complete remedy
at law to redress the wrongs described herein. Plaintiff has been
and will continue to be irreparably injured by the conduct of the

6.

defendants unless this Court grants the declaratory and injunctive relief which Plaintiff seeks.

## VI. RELIEF

21. A declaration that the acts and ommissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

22. A preliminary and permanent injunction ordering Defendants Prtzker, and Jefferys to properly repair the leaking roofs, showeers, windows, doors, infestations and, any other repairs that are needed as descrbed herein, in all Housing Units at Dixon Correctional Center. Inclduing properly maintaining all Housing Units to prevent the issues described herein. Provide proper cleaning supplies for all cells. And any other order that would remedy the adverse conditions described herein.

23. Compensatory damages as allowed by law against each Defendant, jointly and severally.

24. Punitive damages as allowed by law against each Defendant.

25. A jury trial on all issues triable by jury.

26. Plaintiff's costs in this suit.

27. Any additional relief this Court deems just, proper, and equitable.

Date:<u>July 11, 2021.</u>

/s/ David Gevas
DAVID GEVAS, B41175
2600 N. Brinton Ave.
Dixon, Illinois 61021

## VERIFICATION

28. I have read the foregoing complaint and hereby verify that the matters therein are true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Dixon, Illinois on July 11, 2021.

/s/ David Gevas

7.